08-6151-ag
Namocha v. ICE

BIA
Chew, IJ
A097-849-385

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand nine.

PRESENT:
        DENNIS JACOBS,
                Chief Judge,
        ROGER J. MINER,
        DEBRA ANN LIVINGSTON,
                Circuit Judges.
_____

TSERING TITHAR NAMOCHA,
        Petitioner,

        v.                                08-6151-ag
                                          NAC
IMMIGRATION AND CUSTOMS ENFORCEMENT,
UNITED STATES DEPARTMENT OF HOMELAND
SECURITY,
        Respondent.
_____

FOR PETITIONER:          H. Raymond Fasano, Madeo & Fasano,
                         New York, New York.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Civil Division; Anthony C. Paine, Senior Litigation Counsel, Office of Immigration Litigation; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Tsering Tithar Namocha, an alleged native of Tibet and citizen of the People's Republic of China, seeks review of a November 20, 2008 order of the BIA affirming the October 18, 2006 decision of Immigration Judge ("IJ") George T. Chew denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tsering Tithar Namocha*, No. A097-849-385 (B.I.A. Nov. 20, 2008), *aff'g* No. A097-849-385 (Immig. Ct. N.Y. City Oct. 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen*

2

*v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

In addition to the general statutory requirement that petitioners exhaust available administrative remedies, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). However, we have never held that a petitioner is limited to the "exact contours" of his or her argument to the agency. *Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005). On the contrary, Title 8, section 1252(d)(1) does not prevent the Court from considering "specific, subsidiary legal arguments, or arguments by extension," even if those arguments were not presented below. *Id.*; *see also Restrepo v. McElroy*, 369

F.3d 627, 633 n.10 (2d Cir. 2004); *Drax v. Reno*, 338 F.3d 98, 112 n.19 (2d Cir. 2003).

Namocha argued before the BIA that the IJ's adverse credibility finding was flawed because the documents in question were found only to be altered, not fraudulent, and because the IJ failed to specify why the alterations to the documents were material to Namocha's credibility.[1]  We find Namocha's argument that the IJ failed to make a finding that she knew the documents were altered prior to their submission, despite her testimony to the contrary, is a "subsidiary argument" to the one she raised before the BIA. *See Lin Zhong*, 480 F.3d at 119-120; *Steevenez v. Gonzales*, 476 F.3d 114, 117-18 (2d Cir. 2007).

The IJ's adverse credibility determination was not based on substantial evidence.  *See Corovic*, 519 F.3d at 97-98.  In *Corovic*, we held that the submission of fraudulent documents is "insufficient to hold that [an alien] lacks

---

[1] In addition, Namocha testified at her merits hearing that she did not know the identity documents were altered when she submitted them.  When asked during cross-examination by the government whether she knew about the alterations to the documents, Namocha testified, "Before this time I did not know there was any change or alteration" and that, "I can't see anything any changes or anything right now even."

4

credibility where there is no indication or finding that he knew or had reason to know that the documents [were] fraudulent." *Id.* at 97 (second alteration in original). We concluded that "when an applicant contests that he knowingly submitted a fraudulent document, the IJ *must* make an explicit finding that the applicant knew the document to be fraudulent before the IJ can use the fraudulent document as the basis for an adverse credibility determination." *Id.* at 97-98 (emphasis added). Because Namocha testified that she did not know the documents were altered before she submitted them, and because the IJ failed to make any finding regarding her knowledge of the authenticity of the documents, we remand to the BIA so that the agency may make the necessary finding. *See id.; see also Mufied v. Mukasey*, 508 F.3d 88, 91-92 (2d Cir. 2007) (discussing the "ordinary remand rule"). We reject the Government's argument that remand would be futile because Namocha was ordered removed to Nepal and India in the alternative. Because the agency never considered this argument, and our review is limited to the reasoning of the agency, remand is appropriate. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.

5

2007).

For the foregoing reasons, the petition for review is GRANTED, and the case REMANDED for further proceedings consistent with this order.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk


                              By:_____
```